**CYNTHIA H. HARDAWAY, ESQ.**
**17 Washington Street, 1st Fl.**
**Montclair, New Jersey 07042**
**(973)725-4300**
**Attorney(s) for Plaintiff(s)**
Shaquita Ayler,
Manirah Harris
Jasmine Gordon

| | |
|---|---|
| **SHAQUITA AYLER, MANIRAH HARRIS, JASMINE GORDON** | **UNITED STATES DISTRICT COURT DISTRICT OF NEW JERSEY CIVIL ACTION NO.:** |
| **Plaintiffs,** | |
| **v.** | |
| **WOODBRIDGE CENTER MALL, ANTHONY VASTA, ADILSON VIERA, TOWNSHIP OF WOODBRIDGE, WOODBRIDGE POLICE DEPARTMENT, OFFICER D. BENIGNO, I.D. # 511,(first name unknown) (individually and in his official capacity), OFFICER LYSZYK,(first name unknown) (individually and in his official capacity), OFFICER R. APTAKER, I.D. #414 (first name unknown)(individually and in his official capacity), JOHN DOES 1 through 10, JANE DOES 1 through 10, and ABC Corp. through XYZ, individually, jointly and severally,** | **AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **Defendants.** | |

    **PLAINTIFFS SHAQUITA AYLER, MANIRAH HARRIS, AND JASMINE GORDON** are citizens of the State of New Jersey and residing in the City of Elizabeth in the State of New Jersey, County of Essex, by way of complaint against the defendants hereby says:

## I.   JURISDICTION AND VENUE

1.    Jurisdiction of this court is evoked pursuant to 28 U.S.C. § 1331 in as much as this matter involves causes of action arising under 42 U.S.C. §§ 1981,1983, 1985, 1986, 2000(a), and the Fourth and Fourteenth Amendments to the United States Constitution.

2.    Jurisdiction of this court is evoked pursuant to 28 U.S.C. 1343 in as much as this matter involves causes of action seeking redress for the deprivation under color of state law of rights existing under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

3.    The jurisdiction of the claims based on New Jersey law which are set forth in this complaint is invoked pursuant to pendant jurisdiction of this Court.

## II. PARTIES TO THE ACTION

4.    Plaintiffs, at all times relevant, resided and currently reside in the City of Elizabeth, County of Union, State of New Jersey.

5.    Upon information and belief, defendant Township of Woodbridge is a municipal corporation organized under the laws of the State of New Jersey, located in the State of New Jersey with its principal place of business at 1 Main Street, Woodbridge, NJ 07095.

6.    Defendant Officer D. Benigno, is a resident of the State of Jersey and at all times relevant was employed by the Woodbridge Police Department as a police officer.

7.   Defendant Officer Lyszyk is a resident of the
State of New Jersey and at all times relevant was employed by
the Woodbridge Police Department as a police officer.

8.   Defendant Officer R. Aptaker is a resident of
the State of New Jersey and at all times relevant was employed
by the Woodbridge Police Department as a police officer.

9.   Upon information and belief, defendant
Woodbridge Center Mall at all times relevant was incorporated
in and with its principal place of business in the State of
New Jersey and located at 250 Woodbridge Center Dr.,
Woodbridge, New Jersey 07095.

10.   Upon information and belief, defendant Adilson
Viera is a resident of the State of New Jersey and at all
times relevant was employed by defendant Woodbridge Center
Mall as a security guard.

11.   Upon information and belief, defendant Anthony
Vasta is a resident of the State of New Jersey and at all
times relevant was employed by defendant Woodbridge Center
Mall as a security guard.

12.   Defendants John Does 1 through 10 and Jane Does 1
to 10 are fictitious names of other individuals who aided and
abetted and/or conspired with defendants to deprive plaintiffs
of their civil rights.

13.   Defendants ABC Corp. through XYZ Corp. are
fictitious names of other entities who aided and abetted
and/or conspired with defendants to deprive plaintiffs of

their civil rights.

### III. BACKGROUND AND NATURE OF ACTION

14.  Plaintiffs Shaquita Ayler, Jasmine Gordon, and Manirah Harris are all members of the Black race and female gender.

15.  At all times mentioned herein, defendants Officer Benigno, Lyszyk, and Aptaker were police officers for the Township of Woodbridge and were either on duty and/or acting under color of law.  Upon information and belief, Officer Benigo and Lyszyk were working for Woodbridge Center Mall in full police uniform.  Upon information and belief, the defendant officers were white males.

16.  Plaintiffs' claims arise out of an incident that occurred while plaintiffs were at the Woodbridge Center Mall (WCM) on or around May 10, 2014.  While attempting to exit the WCM, plaintiffs were followed, stopped and detained by defendants Officer Benigno, Officer Lyszyk, defendant Vasta, and Viera.  Upon information and believe, these defendants were either employees of or working for WCM at the time of the incident.  Defendant Officer Benigno jumped on plaintiff Ayler's car hood, pointed a gun at her face, and told her he was going to shoot her.

17.  Defendant Offier Benigno, along with defendants Lyszyk, Vasta, Viera, and other unknown police officers and/or mall security forcibly removed plaintiffs from Ayler's car and

threw them on the ground.  When plaintiff Harris asked who
they were, Officer Benigno responded that he was a police
officer. Male police officers of the Woodbridge Police
Department then patted down all plaintiffs on all parts of
their body including their breast, between their legs, and on
their buttock.  Thereafter, plaintiffs were handcuffed by
defendant officers and security guards and placed under
arrest.

18.  Plaintiff Ayler was falsely charged with assaulting
Officer Benigno with her vehicle, aggravated assault,
possession of a weapon for an unlawful purpose, obstructing
the administration of law and resisting arrest.  Plaintiff's
bail was set at $100,000 cash only and subsequently reduced to
$100,000 cash or bond.  Plaintiff was incarcerated 3 days
before she was able to post bail.  Plaintiffs Harris and
Gordon were both charged with resisting arrest and obstructing
the administration of law.  Defendant Officer Aptaker approved
the false charges as against plaintiffs.

19.  On May 19, 2014, plaintiff Ayler filed a complaint
with Internal Affairs of the Woodbridge Police Department
regarding the incident.  Plaintiff was then informed that no
Internal Affairs investigation would be conducted until the
conclusion of plaintiffs' criminal cases.  In or around April,
2015, plaintiffs' respective criminal cases were all dismissed
because the defendant officers never appeared on any of the
several court dates nor did they provide any discovery as

requested by plaintiffs and ordered by the Court.  To date, the Internal Affairs department has not issued any finding with respect to plaintiff Ayler's allegations that she was falsely arrested, racially profiled, and assaulted by the defendant officers based on her race and gender.

20.   As a direct result of her arrest, plaintiff Ayler was fired from her employment with the State of New Jersey. The participating defendant officers and security guards had no reason to even stop plaintiffs on the day of the incident. Plaintiffs contend that the actions of the defendant officers and security guards were motivated by nothing more than racial and gender bias, and that as a result they were subjected to violations of their civil rights to include racial and gender discrimination, false arrest, use of excessive force, and assault and battery.

## IV. INCORPORATION OF ALLEGATIONS

21.   All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.  Plaintiffs preserved there state claims by filing a timely Notice of Tort Claim.

## V.   CLAIMS FOR RELIEF

### A.   FIRST CLAIM FOR RELIEF

(Conspiracy-federal claim)

22.  All named defendants conspired with one another to
deprive plaintiffs of their rights as guaranteed by the
Fourth, and Fourteenth Amendments to the United States
Constitution, and having the power to prevent through its
agents and assigns the violation of said rights, refused to do
so in violation of 42 U.S.C. §§ 1985 and 1986.

23.  Specifically, plaintiffs allege that defendants WCM
and Township of Woodbridge, through their respective employee
defendant security guards and defendant police officers
conspired to discriminate against plaintiffs by forcing them
to leave the WCM by falsely arresting them, assaulting them,
subjecting them to the use of excessive force, and assaulting
them, based on their race and gender in violation of 42 U.S.C.
§§ 1981 and 2000(a).

24.  Additionally, plaintiffs allege that, upon inquiry,
the aforesaid defendants never informed plaintiffs as to why
they were being detained or arrested.  Plaintiffs allege that
the true reason was unlawfully based on plaintiffs' race and
gender as plaintiffs were not engaging in any unlawful
activity whatsoever.  The defendant security guards and police
officers could have prevented the above deprivations of civil
rights but failed to do so.

25.  As a result of the foregoing deprivations,
plaintiffs have been permanently injured, damaged or otherwise
harmed unlawfully, which has caused them and will continue to
cause them to suffer anxiety, humiliation, embarrassment, and

mental anguish, and loss of future income.

WHEREFORE, plaintiffs request judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

### B.   SECOND CLAIM FOR RELIEF

(false imprisonment and false arrest)

26.   The defendant officers and security guards actions in illegally detaining plaintiffs inside WCM parking lot and subsequently arresting them constituted false arrest and false imprisonment.   Defendants actions were further committed with malice, willfulness, and a wanton disregard of the rights of plaintiffs under both federal and state law, and was further based on their race and gender.

27.   As a result of the foregoing deprivations, plaintiffs have been permanently injured, damaged and otherwise harmed unlawfully, which has caused them and will continue to cause them to suffer anxiety, humiliation, embarrassment, and mental anguish, and loss of future income.

WHEREFORE, plaintiff requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

### C.   THIRD CLAIM FOR RELIEF

(42 U.S.C. §1983)

28. The defendant officers, acted under color of law, in discriminating against plaintiffs by denying them access to a public accommodation in violation of 42 U.S.C. §§ 2000(a) and 1981, depriving them of liberty in violation of the 4th and 14th Amendments and equal protection of the laws in violation of the 14th Amendment, and subjecting them to false arrest, excessive force, assault and battery. Such actions by the defendant officers were committed with wanton disregard for the rights of plaintiffs.

29. As a result of the foregoing deprivations, plaintiffs have been permanently injured, damaged or otherwise harmed unlawfully, which has caused them and will continue to cause them to suffer anxiety, humiliation, embarrassment, and mental anguish, and loss of future income.

**WHEREFORE**, plaintiffs request judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.


D. **Fourth Claim for Relief**

30. The defendant officers and security guards discriminated against plaintiff by denying them access to a public accommodation based on their race and gender in violation of 42 U.S.C. §§ 1981 and 2000(a), unlawfully detaining and depriving them of liberty in violation of the 4th

and 14th Amendments.

31.  As a result of the foregoing deprivations, plaintiffs have been permanently injured, damaged or otherwise harmed unlawfully, which has caused them and will continue to cause them to suffer anxiety, humiliation, embarrassment, and mental anguish, and loss of income.

**WHEREFORE**, plaintiffs request judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

### E.   FIFTH CLAIM FOR RELIEF

32.  Defendant (s) John Does, Jane Does, Corp ABC, and XYZ are fictitious names intended to identify any and all parties, including individuals, corporations and/or entities whose identities are presently unknown to plaintiff, who together with the named defendants were responsible for the deprivation of plaintiff's rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, the New Jersey State Constitution and state law, and in violation of 42 U.S.C. §§ 1981, 1983, 1985, 1986, 2000(a).

33.  As a result of the foregoing deprivations, plaintiffs have been permanently injured, damaged or otherwise harmed unlawfully, which has caused them and will continue to cause them to suffer anxiety, humiliation, embarrassment, and mental anguish, and loss of income.

**WHEREFORE,** plaintiffs request judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

### F.   SIXTH CLAIM FOR RELIEF

(Municipal Liability-federal and state)

34.   Defendant Township of Woodbridge, in violation of 42 U.S.C. § 1983, and state negligence laws, failed in their duty to plaintiffs to adequately train, and supervise the defendant officers, who at all times were acting within the scope of their employment and pursuant to a municipal custom or policy, so as to prevent the violations of 42 U.S.C. §§ 1981, 2000(a), 1985, 1986, Fourth, and Fourteenth Amendments to the United States Constitution, the laws of the State, and the State Constitution. Such a failure on the part of defendant Township of Woodbridge amounted to a deliberate indifference to the constitution rights of plaintiffs.

35.   Defendant Township of Woodbridge and WCM is further liable to plaintiff under the theory of respondeat superior, and the Township of Woodbridge is directly liable to plaintiff under § 1983 for implementing a policy, followed by the defendant officers, which lead to the deprivation of plaintiff's rights in violation of 42 U.S.C. §§ 1981, 2000(a), Fourth, and Fourteenth Amendment to the Constitution.

36.   As a result of the foregoing deprivations,

plaintiffs have been permanently injured, damaged or otherwise
harmed unlawfully, which have caused them and will continue to
cause them to suffer anxiety, humiliation, embarrassment, and
mental anguish, and loss of income.

   **WHEREFORE**, plaintiffs request judgment against defendants
for compensatory and punitive damages, together with attorney
fees and costs of suit and any other and further relief as the
Court may deem proper and just.

## G. SEVENTH CLAIM FOR RELIEF

### (Assault and Battery)

   37.  The defendant officers and security guards committed
assault and battery upon plaintiffs by dragging them out of
their car, throwing them to the ground and further touching
them about their bodies without their permission and without
legal authorization.  Defendants actions were based on racial
and gender bias.

   38.  As a proximate result of defendants' actions,
plaintiffs have sustained permanent injuries.  These injuries
have caused and will continue to cause plaintiffs great pain
and suffering, both mental, emotional and physical.

   **WHEREFORE**, plaintiffs request judgment against defendants
for compensatory and punitive damages, together with attorney
fees and costs of suit and any other and further relief as the
Court may deem proper and just.

## H. EIGHTH CLAIM FOR RELIEF

(Illegal Seizure and Use of Excessive Force)

39.    The defendant officers and security guards unlawfully detained plaintiffs and used excessive physical force against them even though they did not resist the unlawful detention. These acts were committed maliciously and intentionally against plaintiffs. The defendant officers further subjected plaintiffs to arrest absent probable cause, thereby depriving them of liberty, and subjecting them to excessive force in violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and against the laws of the State of New Jersey.  Such actions by the defendant officers were committed with wanton disregard for the rights of plaintiffs.

40.    As a result of the foregoing deprivations, plaintiffs have been permanently injured, damaged or otherwise harmed, which has caused and will continue to cause them to suffer anxiety, humiliation, embarrassment, mental anguish, and psychological damages.

**WHEREFORE,** plaintiffs request judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## I. NINETH CLAIM FOR RELIEF

(breach of duty)

41.   The defendant officers breached their duty owed to plaintiffs to serve and protect the public.  The defendant officers who assaulted plaintiffs breached that duty by unlawfully detaining plaintiffs, assaulting them, subjecting them to excessive force, and falsely arresting them without probable cause.

42.   As a result of the foregoing deprivations, plaintiffs have been permanently injured, damaged or otherwise harmed unlawfully, which have caused them and will continue to cause them to suffer anxiety, humiliation, embarrassment, mental anguish and psychological damages.

**WHEREFORE,** plaintiffs request judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## J. TENTH CLAIM FOR RELIEF

(Infliction of Emotional Distress)

43.   All named defendants who assaulted plaintiffs and filed false charges against them intentionally subjected plaintiffs to emotional distress by falsely accusing them of criminal activity, assaulting them and illegally detaining them.

44.   As a result of the foregoing deprivations, plaintiffs have been permanently injured, damaged or otherwise

harmed unlawfully, which has caused them and will continue to
cause them to suffer anxiety, humiliation, embarrassment,
mental anguish, and psychological damages.

   **WHEREFORE**, plaintiffs request judgment against defendants
for compensatory and punitive damages, together with attorney
fees and costs of suit and any other and further relief as the
Court may deem proper and just.


## K. ELEVENTH CLAIM FOR RELIEF

(Malicious Prosecution-federal and state claim)

   45.   All of the named defendant officers with actual
malice, instituted a criminal action against plaintiff, absent
probable cause for the proceeding, and said proceeding
terminated favorably to plaintiff.  Thus, defendants are
liable to plaintiff, under 42 U.S.C. § 1983 and state law, for
malicious prosecution.

   46.   As a result of the foregoing deprivations,
plaintiffs have been permanently injured, damaged or otherwise
harmed unlawfully, which has caused them and will continue to
cause them to suffer anxiety, humiliation, embarrassment,
mental anguish and psychological damages.

   **WHEREFORE**, plaintiffs request judgment against defendants
for compensatory and punitive damages, together with attorney
fees and costs of suit and any other and further relief as the
Court may deem proper and just.

## L. TWELVETH CLAIM FOR RELIEF

(Abuse of Process-state claim)


47.    All named defendant officers made an improper use of the legal process by initiating criminal charges against plaintiffs.  Defendants were further motivated by malice and an ulterior motive in initiating said legal proceedings.

48.    As a result of the foregoing deprivations, plaintiffs have been permanently injured, damaged or otherwise harmed unlawfully, which has caused them and will continue to cause them to suffer anxiety, humiliation, embarrassment, mental anguish, and psychological damages.

**WHEREFORE,** plaintiffs request judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.


## VI. PRAYER FOR RELIEF

49.  Plaintiffs do not have a complete and adequate remedy at law and are thus entitled to injunctive and other equitable relief.

**WHEREFORE,** plaintiffs pray that this Court:

a.  Grant plaintiff a permanent injunction enjoining defendants, its officers, agents, successors, employees, attorney's, and assigns and other representatives, and all those persons acting in concert with them and at their

discretion, from engaging in practices which discriminate against plaintiffs on the basis of race, national origin, color, gender or age or is retaliatory in nature.

    b. Order defendants to be taxed with the cost of this action, including reasonable attorney's fees for plaintiffs.

    c. Retain jurisdiction over this action to ensure compliance with the orders of this court and require defendants to file such reports as the Court may deem necessary to evaluate such compliance.

    d. Award plaintiffs compensatory damages to be proved at trial.

    e. Award punitive damages to plaintiffs in an amount to properly penalize defendants for their misconduct and to deter such wrongdoing in the future.

    f. Grant such additional relief as the Court may seem just and proper.

**<u>JURY DEMAND</u>**

Plaintiff demands a jury trial on all issues so triable.


**<u>DESIGNATION OF TRIAL COUNSEL</u>**

PLEASE TAKE NOTICE that pursuant to Rule 4:25-4 Cynthia H. Hardaway, Esq. is hereby designated as trial counsel.


**<u>CERTIFICATION</u>**

Counsel certifies that this pleading is presented in compliance to R. 11 of the Federal Rules of Civil Procedure.


                                         /s/Cynthia H. Hardaway
                                        Cynthia H. Hardaway(CHH3958)




DATED: May 31, 2015