Eric L. Lange, Esq. (Attorney ID# 038441997)
JAMES P. NOLAN AND ASSOCIATES, L.L.C.
61 GREEN STREET
WOODBRIDGE, NEW JERSEY 07095
TELEPHONE: (732) 636-3344 FAX: (732) 636-1175
Attorneys for Defendants, Township of Woodbridge, Woodbridge Police Department, and Sgt. Randy Aptaker

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHAQUITA AYLER, MANIRAH HARRIS and JASMINE GORDON,<br><br>Plaintiffs,<br><br>5.<br><br>WOODBRIDGE CENTER MALL, ANTHONY VASTA, ADILSON VIERA, TOWNSHIP OF WOODBRIDGE, WOODBRIDGE POLICE DEPARTMENT, OFFICER D. BENIGNO, I.D. #511, (First name unknown) (individually and in his official capacity), OFFICER LYSZYK, (first name unknown) (individually and in his official capacity), OFFICER R. APTAKER, I.D. #414 (first name unknown) (individually and in his official capacity), JOHN DOES 1 through 10, JANE DOE 1 through 10, and ABC CORP. through XYZ, individually and severally,<br><br>Defendants. | Civil Action No. 2:15-cv-03645-ES-JAD<br><br>CIVIL ACTION<br><br>DISCOVERY CONFIDENTIALITY ORDER |

IT IS ON THIS 16th DAY OF Nov., 2015 ORDERED:

1. This Protective Order shall govern all documents and other discovery materials produced in response to any method of discovery conducted by plaintiff or defendants in this case under the Federal Rules of Civil Procedure and any Local Rules established by the United States District Court, District of New Jersey.

2. Whenever in the exercise of careful judgment any party to this action or third party that is subject to a discovery request determines that a response to a request for discovery should be treated as confidential, that party shall have the right to designate the information as "confidential" or "highly confidential" by marking each confidential page of a document with the words "confidential" or "highly confidential" as appropriate, prior to the transmission of a physical copy thereof to the other party. As to those documents which counsel produces for examination by opposing counsel for the purpose of determining which of those documents opposing counsel desires copies, said documents shall be subject to this Order, whether or not marked, until copies thereof are requested and supplied, and thereafter only if the copies supplied are marked as provided in this paragraph or otherwise designated as "confidential" or "highly confidential." Any document so marked, copies thereof, information contained therein, and any extracts, abstracts, charts, summaries or notes made there from shall be "confidential" or "highly confidential" material and subject to the restrictions set forth herein.

3. "Confidential" material shall be disclosed only to the following persons:

   1. Counsel representing the receiving party in this action, or in-house counsel who supervise or assist in the supervision of this action, excluding other outside counsel representing the receiving party only in matters or capacities separate and distinct from this action including appeals;

   b. Deposition notaries and their staff;

    c.    Stenographic, paralegal, clerical and other employees of the receiving party referred to in subparagraphs a. and b. above;

    d.    Independent experts and advisors who are employed by the receiving party to perform investigative work, fact research or other services relating to this action;

    e.    Deponents during the course of their deposition and trial witnesses during their testimony;

    f.    The parties to this litigation; and

    g.    This Court and its personnel including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court during the litigation of the above-captioned action.

4.    "Highly confidential" material may be disclosed only to the following persons:

    a.    Counsel representing the receiving party in this action;

    b.    Deposition notaries and their staff;

    c.    Stenographic, paralegal, clerical and other employees of the receiving party referred to in subparagraphs a. and b. above;

    d.    Independent experts and advisors who are employed by the receiving party to perform investigative work, fact research or other services relating to this action;

    e.    Deponents during the course of their deposition and trial witnesses during their testimony; and

    f.    This Court and its personnel including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court during the litigation of the above-captioned action.

5.  "Confidential" material and "highly confidential" material may be disclosed to persons listed in paragraph 5d and 5e and 6d and 6e above only upon compliance with the following requirements:

   a.  Each person shall first be advised by the attorney making the disclosure that pursuant to this Protective Order the person may not divulge any such material to any other person, except in the preparation or trial of this action, and that disclosure in the preparation of the case is limited to persons entitled to knowledge of "confidential" documents under this Order.

   b.  The attorney shall secure from each person an affidavit stating that he has read this Protective Order, agrees to be bound by this Protective Order and understands that pursuant to this Protective Order he shall not divulge any such material except in the preparation or trial of this action, and that he will not use the material for any other purpose. A copy of this affidavit, together with a list of such material disclosed to the person and the date of disclosure, shall be retained by counsel disclosing such material and securing said affidavit until the conclusion of this litigation, including all appeals. All such material produced thereunder and all copies thereof shall be returned at the conclusion of this litigation to the party producing it.

   c.  Such material may be disclosed to deponents during the course of depositions if (1) the attorney making the disclosure first advises the deponent that, pursuant to this Protective Order, the person may not divulge such material to any other person, and (2) the material is not left in the possession of the deponent, unless the deponent qualifies for access to such material pursuant to this Protective Order.

6.  If any party objects to the claim that a document should be deemed "confidential" or "highly confidential," the objecting party shall inform the opposing party in writing that the document should not be so deemed. The parties shall make good faith attempts to resolve their differences. Should the parties not be able to

resolve the matter, the objecting party may make a written request to the Court challenging the "confidential" or "highly confidential" designation of a document. The document shall continue to have such designation during the pendency of any such request.

7. No copies of "confidential" or "highly confidential" material shall be made except by or on behalf of attorneys of record in this case for the purpose of the attorneys' use in this litigation only. Any attorneys making copies of such material shall maintain all copies within their control and take necessary precautions to prevent persons not authorized as provided above from obtaining access to such information.

8. The production of any document or other discovery material by plaintiff, defendants, or third parties under this Order shall be without prejudice to any claim that the material is "confidential," "highly confidential," privileged, or protected from discovery as work product. Any document or other discovery material turned over to the opposing party with respect to which a claim of confidentiality, privilege, or work product is subsequently made shall be returned immediately, along with all copies of the document or discovery material, to the party producing it as soon as the claim of confidentiality, privilege, or work product is communicated. If the receiving party disputes the claim of confidentiality, privilege, or work product, that party must either return the materials or make a written request to the Court

challenging such claim. The court's determination will be made without regard to the fact that the document has been turned over to the other party pursuant to this Protective Order. If the court upholds the claim of privilege or work product, the document or other discovery material shall be returned immediately, if it was not already returned to the party claiming privilege or work product and it shall not be introduced into evidence in this or any other proceeding by any person without the consent of the person producing it; nor will said document or other discovery material be subject to production in any proceeding by virtue of the fact that it has been inadvertently disclosed in this proceeding. If the Court upholds a claim of confidentiality, the document or discovery material shall not be disseminated in violation of this Order.

9. ~~In the event that any "confidential" or "highly confidential" material is included with, or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the Clerk of this Court, such material shall be filed and kept under seal by the Clerk until further order of this court; provided however, that the papers shall be furnished to the court and attorneys for the parties, and a duplicate copy with the "confidential" and/or "highly confidential" material deleted may be placed in the public record.~~

[Handwritten margin note: 9. All appliations to file material under seal shall comply with L.Civ.R.S.3.]

10. All documents and other discovery materials produced in connection with this litigation shall be used and disseminated only for purposes of prosecuting and defending this action, including

appeals, and not for any other litigation or any business purpose whatsoever.

11. The termination of proceedings in this action shall not relieve the persons described in paragraphs 3 and 4 above from the obligation of maintaining the confidentiality of all "confidential" or "highly confidential" information received pursuant to this Order, unless the court orders or permits otherwise. Upon the termination of this action, the parties or any third parties may request the return to them of all previously furnished discovery material, including any copies thereof, and each person or party to whom such discovery material has been furnished or produced shall be obligated to return the same discovery material. This request shall be made within 90 days of the termination of the litigation and these documents and discovery materials shall be returned within 60 days of the request, except that in lieu of returning copies the party to whom they were produced, the receiving party, may destroy them if it certifies, in writing, that it has destroyed all copies and documents containing such discovery material. If no request is made for the return of documents, the receiving party may destroy them in a manner consistent with this paragraph. This provision shall apply to any documents created by any party, its counsel, or agents which contain "confidential" or "highly confidential" information from discovery material.

12. Whenever information designated as "confidential" or "highly confidential" is to be disclosed at any deposition or other hearing

or proceeding, including trial, any party or third party claiming confidentiality may exclude from the deposition, or move to exclude from the court room, any person other than persons identified in Paragraph 3 or 4 of this Order, depending upon whether the document is designated "confidential" or "highly confidential," for the confidential portion of that proceeding.

13. Nothing in this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, a modification of this Order including additional protection with respect to the confidentiality of documents or other discovery material.

_____

Hon. Joseph A. Dickson
United States Magistrate Judge

**EXHIBIT A**

**AFFIDAVIT**

_____, after being duly sworn upon oath states as follows:

I have been requested by _____, in the case entitled **Shaquita Ayler, Manirah Harris and Jasmine Gordon v. Township of Woodbridge, et als.**, Docket No.: 2:15-cv-03645-ES-JAD, which is currently pending in the United States District Court of New Jersey, to assist the attorneys for _____ in the preparation or trial of that suit.

I have read the Agreed Protective Order in the foregoing referenced case.

I have been informed by _____ that the material listed in the attached list is confidential material as defined in the Agreed Protective Order.

I promise that I agree to be bound by this Order and will not divulge, or undertake to divulge, any confidential material shown to me except as authorized in the Agreed Protective Order. I will not use the confidential material for any purpose other than this case.

_____

SUBSCRIBED and SWORN TO
before me this _____ day
of November, 2015.

_____
NOTARY PUBLIC